## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:99-cr-0006 |
| ) | |
| **IRVINE HODGE, Jr.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is the motion of Irvin Hodge, Jr., for compassionate release. (ECF No. 338.) For the reasons stated below, the Court will deny the motion without prejudice.

In April of 2000 Irvin Hodge, Jr., ("Hodge") pled guilty to one count in an indictment charging him with murder with a firearm in violation of 18 U.S.C. § 924(j)(1). Hodge was initially sentenced to life in imprisonment. That sentence was vacated by the Third Circuit. On November 30, 2011, Hodge was resentenced to 405 months imprisonment. Hodge was given credit for time served in pretrial and post-conviction detention since January 27, 1999.

On May 11, 2020, Hodge filed a motion for compassionate release. (ECF No. 185.) In his motion, Hodge asserts that the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction; . . .
>       . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Hodge asserts that he "has requested a compassionate release from the Warden at FCI Fort Dix and is waiting for a reply." *See* ECF No. 338 at 2. Hodge provided the Court with a copy of his request to the BOP, which was dated April 23, 2020. Hodge acknowledges that, when he filed his motion in this Court, "thirty days have not elapsed from [his] request" to the BOP.[1] *See id.*

Considering a similar failure to exhaust, the Sixth Circuit determined that dismissal without prejudice was the appropriate course of action. See *United States v. Alam*, --F.3d--, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020). The Sixth Circuit explained:

> The Supreme Court has previously applied this remedy in cases where parties filed in court before waiting out a statutorily required non-adversarial window. *See, e.g.*, *Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989). We have done the same in cases where parties failed to exhaust. *See, e.g.*, *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 642–43 (6th Cir. 2008); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). This approach comports with the general rule that we must strictly enforce statutory limits on the timing of a claim's filing. *See Carlisle v. United States*, 517 U.S. 416, 4333 (1996). And it makes plenty of sense on its own terms. If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions. Better to have [a defendant] refile with the benefit of whatever additional insight he may have gleaned.

---

[1] Hodge asserts that requiring that he exhaust administrative remedies would be futile because "the BOP will not be able to respond to his request within [30 days]." *See* ECF No. 338 at 2. Hodge provides no factual basis to support this assertion.

*United States v. Hodge*
Case No. 3:99-cr-0006
Order
Page 3 of 3

*Id.*; *see also Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007) (holding that exhaustion requirement in Prisoner Litigation Reform Act of 1995, which provides that "no action shall be brought . . . until such administrative remedies as are available are exhausted" may not be satisfied "by exhausting administrative remedies after initiating suit in federal court"). The Court agrees with the Sixth Circuit's conclusion.

        The premises considered, it is hereby

        **ORDERED** that Hodge's motion for compassionate release docketed at ECF Number 338 is **DENIED** without prejudice.

**Dated:** June 3, 2020                                                       */s/ Robert A. Molloy*
                                                                                         **ROBERT A. MOLLOY**
                                                                                         **District Judge**