**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**IRVINE HODGE,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:99-cr-0006 |

## MEMORANDUM OPINION

**MOLLOY, J.**

**BEFORE THE COURT** is the renewed motion of Irvine Hodge ("Hodge") for compassionate release, filed on August 11, 2020. (ECF No. 347.) For the reasons stated below, the Court will deny the motion without prejudice.

### I. BACKGROUND

In April of 2000, Hodge and his brother pled guilty to first degree murder during a Hobbs Act robbery of a jewelry store, under a package agreement with the Government. Under the brothers' identical plea agreements, the Government agreed it would "make no specific sentencing recommendation other than to request that the sentence be within the guideline range." (ECF No. 260-1.) Hodge and his brother were convicted, and each was sentenced to life imprisonment.

Hodge's brother timely appealed his sentence to the Third Circuit Court of Appeals ("Third Circuit") which vacated his sentence, holding that the Government had breached its plea agreement by recommending that the brothers be sentenced to the full weight of the law in its argument. Hodge did not timely appeal his sentence but moved for collateral relief under 28 U.S.C. § 2255. In his motion, Hodge argued that the Government had breached the plea agreement and that his lack of timely filing of an appeal was due to ineffective assistance of counsel. The District Court denied Hodge's motion and he appealed the denial.  The Third Circuit held that Hodge's counsel was ineffective in not filing the appeal and vacated Hodge's sentence. The case was remanded to the District Court for re-entry of the (same) sentence

*United States v. Hodge*
Case No. 3:99-cr-0006
Order
Page 2 of 4

so Hodge would have the opportunity to file a direct appeal. Following the Court's re-entry of the sentence, Hodge filed an appeal.

On August 5, 2010, the Third Circuit vacated Hodge's sentence, holding that the Government had breached the plea agreement by recommending a "life sentence in all but name" at the hearing. *Id.* at 8. The Third Circuit remanded to the District Court. On November 30, 2011, the Court filed an amended judgment, sentencing Hodge to 410 months followed by five years of supervised release.[1]

On May 11, 2020, Hodge filed a motion for compassionate release. *See* ECF No. 338. In his motion, Hodge acknowledged the statutory requirement that defendants must exhaust administrative remedies before moving the court for compassionate release. He asserted that he requested compassionate release from the Warden and acknowledged that the 30-day period for the Warden to reply had not yet elapsed. Hodge then argued that the Court could "waive" the exhaustion requirement because it would be "futile" to wait for the full 30 days to elapse "since the BOP w[ould] not be able to respond to his request within that time." *Id.* at 2. He further asserted that the generalized threat to prison populations presented by the COVID-19 pandemic presented an extraordinary and compelling reason to warrant relief. Although Hodge did not list any health risk factors that increase his likelihood of contracting COVID-19 or of succumbing to the virus were he to contract it, he argued that contracting the virus could be a "death sentence" for him. *Id.* at 3.

On May 27, 2020, the United States filed an opposition to Hodge's motion for compassionate release. *See* ECF No. 340. In its opposition, the United States argued that the Court should deny Hodge's motion without prejudice because Hodge had not exhausted administrative remedies as required under 18 U.S.C. § 3582. *Id.* at 8-10. The United States also argued that, even if Hodge had exhausted his administrative remedies, he had not shown that extraordinary and compelling reasons warranted his release and he still posed a significant danger to the community. *Id.* at 16-19. On June 3, 2020, the Court denied Hodge's

---

[1] On November 30, 2011, the sentencing judge orally sentenced Hodge to "410 months" of incarceration, followed by a five-year term of supervised release. *See* Transcript, ECF No. 298, at 41, lines 20-22; *see also* ECF No. 286, at 3. There is inconsistency between the transcript of the sentencing hearing and the written judgment of November 30, 2011, which states Hodge was sentenced to 405 months of incarceration followed by five years of supervised release. ECF No. 290, at 2-3. The Court finds this inconsistency immaterial for purposes of disposition of this motion.

motion without prejudice for his failure to satisfy the exhaustion requirements of Section 3582(c)(1)(A). ECF No. 341.

Thereafter, on August 11, 2020, Hodge filed the instant motion, renewing his request for compassionate release. *See* ECF No. 347. Hodge asserts that he filed a request with the Warden at FCI Fort Dix on April 30, 2020, to move the court for compassionate release on his behalf. To date, more than 30 days have passed since he filed his request with the Board of Prison, and Hodge has not received a response from the Warden.

Beyond the generalized threat of the COVID-19 pandemic to incarcerated inmates, Hodge does not assert any additional extraordinary and compelling reasons warranting a reduction in his sentence. On August 27, 2020, the USA filed an opposition to Hodge's motion. ECF No. 348.

## II. **DISCUSSION**

Pursuant to 18 U.S.C. § 3582, a sentencing court has the authority to modify a sentence imposed under certain conditions. Section 3582 provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction; . . .
>     . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring

roadblock foreclosing compassionate release." *See id.* Once a defendant has met the exhaustion requirement, "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582 (c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

In addition, the United States Sentencing Commission has issued a policy statement addressing the reduction of sentences pursuant to Section 3582(c)(1)(A). That statement provides that a court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Here, Hodge asserts that he made a request to the warden at his facility on April 30, 2020. Given this, it is clear that the 30-day exhaustion period has expired. As such, the Court has the authority to consider the merits of Hodge's motion.

With respect to the merits, Hodge does not argue that any other extraordinary or compelling reasons beyond the existence of COVID-19, and its presence in the facility where he is incarcerated, warrant a reduction in his sentence. Significantly, the Third Circuit has explained that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. As such, the Court finds that Hodge has not demonstrated any extraordinary or compelling reasons to reduce his sentence. Moreover, even if the Court were to find that Hodge had demonstrated extraordinary and compelling

reasons to reduce his sentence, Hodge has not addressed (1) whether he is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) or (2) whether a reduction in his sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). As such, the Court concludes that Hodge has failed to show that he is entitled to a sentence reduction.

### III. CONCLUSION

Once the defendant has established administrative exhaustion, the defendant has the burden of showing he is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)). Here, Hodge has not met this burden. Accordingly, the Court will deny the motion. An appropriate Order follows.

**Dated:** October 2, 2020                     s/ *Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **District Judge**