**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**IRVINE HODGE, JR.,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:99-cr-0006 |

**ORDER**

     **BEFORE THE COURT** is Defendant Irvine Hodge, Jr.'s ("Hodge") motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 364.) United States of America ("the Government") opposed the motion. (ECF No. 382.) Hodge filed a reply. (ECF No. 392.) For the reasons stated below, the Court will deny the motion.

**I. BACKGROUND**

     In May 1998, Hodge, his brother and another individual robbed a jewelry store and killed the owner in the process. The Government charged Hodge in a Third Superseding Indictment with interfering with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One), first degree murder, in violation of 18 U.S.C. § 924(j)(1) (Count Two), and tampering with a witness by killing, in violation of 18 U.S.C. § 1512(a) (Count Three).[1] Hodge pleaded guilty to Count Two pursuant to plea agreement. (ECF No. 382-1.) The plea agreement identified the "essential elements" of Count Two as follows:

     a.    the defendant did knowingly use and carry a firearm;

---

[1] More specifically, the Third Superseding Indictment charged Hodge with: (1) unlawfully obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce by robbery, namely, unlawfully taking or obtaining personal property consisting of jewelry form the Emerald Lady Jewelry Store and from Larry Davis and Linda Davis in their presence against their will by means of actual force or threatened force, or violence or fear of injury to their persons, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; (2) knowingly using or carrying a firearm during interference with commerce by robbery as charged in Count One and in the course of a violation of Section 18 U.S.C. § 924(c)(1) causing a death of a person through the use of a firearm, which killing is a murder as defined in 18 U.S.C. § 1111, namely, unlawfully killing Larry Davis by shooting him with the firearm in the perpetration of the interference with commerce by robbery, in violation of 18 U.S.C. § 924(j)(1); and (3) knowingly killing Larry Davis with intent to prevent the attendance or testimony of Larry Davis in an official proceeding in violation of 18 U.S.C. §§ 1512(a)(1)(A), (2)(A) and 18 U.S.C. § 2. (ECF No. 382, App. at 1-5.)

      b.    during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with commerce by robbery; and

      c.    during the course of the aforementioned violation, caused the death of a person through the use of a firearm; and

      d.    that the killing is a murder as defined in 18 U.S.C. § 1111, that is,
          i. it was done with malice a forethought; and
          ii. in the perpetration _of the interference with commerce by robbery.

Hodge was sentenced to life imprisonment. (ECF No. 8.) On February 3, 2009, the Third Circuit Court of Appeals reversed the district court's denial of Hodge's motion pursuant to 28 U.S.C. § 2255 based on his counsel's ineffective assistance allowing Hodge to file his appeal. *Hodge v. United States*, 554 F.3d 372 (3d Cir. 2009). On August 5, 2010, Hodge's sentence was vacated, and the matter remanded for determination whether to grant specific performance or allow withdrawal of his guilty plea resulting from the Government's breach of the plea agreement. *United States v. Hodge*, 389 Fed. Appx. 96 (3d Cir. 2010). Upon remand, the district court determined that specific performance of the plea agreement was the appropriate remedy and proceeded to sentencing. (ECF No. 293 at 16.) At sentencing upon remand, the court stated, *inter alia*, that:

> Mr. Davis was shot point blank through the forehead, the medical report indicated, the bullet went in the right hand side of his temple, came out the left hand side, and created stippling marks, tattooing, which shows that the gunshot, gunpowder was such that it gave this tattooing on his skin which reflects that he was shot from close range. I realize that Mr. Irvine Hodge had said when he was interviewed by Probation, that he really just intended to intimidate Mr. Davis, didn't intend to kill him. But when you put a loaded gun close to a man's head, obviously one could not be surprised that the gun went off, that it was shot. That's what happened and in the intensity of the moment of a robbery, in which people are rushing to get out, I cannot say that I believe that this was merely the gun going off accidentally. But here we are now years later, and the Court has to fashion a sentence which fairly reflects the circumstances.

(ECF No. 293 at 35.) By the amended judgment dated November 30, 2011, Hodge was sentenced to 405 months imprisonment. (ECF No. 290.) The judgment was affirmed. *United States v. Hodge*, 507 Fed. Appx. 242 (3d Cir. 2012). Thereafter, Hodge made the instant motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019) and *In re Matthews*, 934 F.3d 296 (3d Cir. 2019).

## II. LEGAL STANDARD

The Hobbs Act provides that any person who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). Subsection 924(c) of Title 18 of the United States Code is a substantive offense and authorizes additional punishment for any person who uses a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" means an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements" clause,) or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual" clause). 18 U.S.C. § 924(c)(3). "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall--(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1).

On June 24, 2019, the Supreme Court held that the residual clause, 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Following *Davis*, the Third Circuit remanded certain cases to the district court to determine "[w]hether the Petitioners' crimes fall under the elements clause or the challenged residual clause." *In re Matthews*, 934 F.3d at 301.

## III. DISCUSSION

Hodge argues it is not clear from the record whether he was convicted of a Hobbs Act robbery or a Hobbs Act conspiracy to commit robbery, and the court imposed a penalty under the residual clause since it relied on "substantial risk" of harm based on the underlying facts as opposed to the actual elements of the crime. Hodge asserts that the court imputed the statutory "plan and purpose" to meet the residual clause test, and the court's reasoning points to an enhanced felony that did not involve use of force as an element, but a felony

based on the "substantial risk" standard. The Government argues that the Hobbs Act defines multiple separate offenses, including Hobbs Act robbery, not alternative means to commit a crime. It contends that the documents pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), establish that the predicate offense was Hobbs Act robbery, not Hobbs Act conspiracy, and the Third Circuit held that Hobbs Act robbery is a crime of violence under the elements clause of 18 U.S.C. § 924(c).

A court "determining the character of an admitted [offense] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Hodge's argument that the record is unclear of what crime he was convicted is meritless and belied by the record. Count Two in the Third Superseding Indictment to which Hodge pleaded guilty charged a violation of Section 924(c)(1), namely, using a firearm during a crime of interference with commerce by robbery as set forth in Count One, and in the course of that violation, causing the death of a person through the use of a firearm, which killing is a murder, in violation of 18 U.S.C. § 924(j)(1). Thus, the offense underlying a violation of Section 924(c) in Count Two is the offense alleged in Count One, *i.e.* "interference with commerce by robbery." Neither Count One nor Count Two in the Third Superseding Indictment alleges or mentions the word conspiracy.

In his plea agreement, Hodge admitted that he was guilty of first-degree murder in violation of 18 U.S.C. § 924(j)(1) which was committed during the interference with commerce by robbery. At the change of plea hearing, Hodge pleaded guilty to the elements of the offense in Count Two, as articulated in the plea agreement. (ECF No. 382, App. at 96-98.) The record is clear that the predicate offense to Count Two to which Hodge pleaded guilty was Hobbs Act robbery. "[A] defendant need not be separately charged with or convicted of the predicate crime." *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). The Third Circuit held "that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). Since the predicate offense to Count Two was Hobbs Act robbery, and not Hobbs Act conspiracy, and

*United States. v. Irvine Hodge, Jr.*
Case No. 3:99-cr-0006
Order
Page **5** of **5**

Hobbs Act robbery is a crime of violence for the purpose of Section 924(c)(3)(A), *Davis* does not apply to Hodge's conviction and sentence. Accordingly, it is hereby

**ORDERED** that Hodge's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, ECF No. 364, is **DENIED**; it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that a copy of this Order shall be docketed in *Hodge v. United States*, Civil Case No. 3:20-cv-0128.

**Dated:** August 11, 2023         */s/ Robert A. Molloy*
                                   **ROBERT A. MOLLOY**
                                   **Chief Judge**